JAMES KEATS *vs.* BOARD OF POLICE COMMISSIONERS OF THE CITY OF PROVIDENCE.

JULY 3, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1)  Police Officers.  Charges.  Rules of Commissioners.  Jurisdiction.*

Where a police officer was suspended pending investigation of charges, the fact that he was acquitted under an indictment for an offence forming the basis of some of the charges, does not prevent the Board of Police Commissioners from proceeding thereafter with the hearing of the charges for violation of rules of the department but it is not only their right but their duty to make the investigation before reinstating the officer, unless they are satisfied he had no criminal intent in his acts.

*(2)  Police Officers.  Rules of Commissioners.  Charges.*

Rule 12 of the Rules and Regulations of the Board of Police Commissioners of the City of Providence authorizing the Board in its discretion to punish police officers by various penalties on conviction by the Board of any legal offence is not in violation of Gen. Laws, 1909, cap. 50, § 30.

*(3)  Police Officers.  Charges.  Rules of Commissioners.*

Rule 2, Section 6 of the Rules and Regulations of the Board of Police Commissioners of the City of Providence, requiring a written complaint to be filed within 24 hours of the suspension of a police officer, does not prevent the amplification later of the original charges properly filed in compliance with the rule, such amplification being in the nature of a bill of particulars based upon additional information.

*(4)  Police Officers.  Rules of Commissioners.  Jurisdiction.*

Where no rule of the Board of Police Commissioners of the City of Providence or any statute of the State requires the Board to act upon charges against a police officer while he was not seeking a hearing, it was proper for the Board to continue the hearing while the officer was awaiting trial on a criminal charge, and the jurisdiction of the Board over the charges is not lost for want of prosecution.

PROHIBITION.   Petition denied and dismissed.

RATHBUN, J.   Heard on petition for writ of prohibition to enjoin respondent from hearing charges preferred against petitioner in his capacity as a police officer.

Upon the 8th day of March, 1918, and for a long time prior thereto the petitioner was a member of the police force of the city of Providence.   On said 8th day of March he was "suspended from duty pending investigation" by the super-

intendent of police and was served with the following charges:

"OFFICER JAMES KEATS,
             PRECINCT ONE.

DEAR SIR:—In consequence of a report received at this office charges have been preferred against you for violation of Rule No. 12, Section No. 1, of the Rules and Regulations of the Board of Police Commissioners; to wit, conduct unbecoming an officer. The specific charge being that on the night of March 5, 1918, at 12:30 A. M., you were seen to enter the liquor saloon licensed to James Lavell, 24–28 Fountain St., and to remain there for about ten minutes, also on the night of March 7, 1918, at 12:35 A. M., you entered the same premises. During the night of March 5th Mr. Lavell reports five dollars was stolen from the money drawer and also that the place has been entered on different occasions for the past several weeks and money and liquor stolen.

As you have already been suspended from duty pending investigation of the above charge, you will await further orders from this office.

                                   PETER F. GILMARTIN,
                                        *Superintendent of Police.*

On said 8th day of March the petitioner was arrested on a warrant and complaint charging that the petitioner did break and enter in the night time the store of James Lavell with intent to commit larceny therein. On this complaint the petitioner was adjudged probably guilty by the Sixth District Court and bound over to await the action of the grand jury. An indictment was returned charging petitioner with the offense set forth in the complaint. The petitioner was tried on this indictment and on May 1, 1919, the jury returned a verdict of not guilty. On the 8th day of May, 1919, the following notice was served on the petitioner:

"OFFICER JAMES KEATS,

PRECINCT ONE.

DEAR SIR:—In addition to complaint against you when you were suspended from police duty March 8, 1918, the following amplification has been made of the charges preferred against you at that time for violation of Rule No. 12, Section No. 1, of the Rules and Regulations of the Board of Police Commissioners; to wit, conduct unbecoming an officer, and further added thereto, neglect of duty.

The specific charge being that on the night of March 5, 1918, at 12:30 A. M., you were seen to enter the liquor saloon licensed to James Lavell, 24–28 Fountain St., and remain for about ten minutes, during which time Mr. Lavel reports that five dollars was stolen from the money drawer, also on the night of March 7, 1918, at 12:35 A. M., you entered the same premises with a key and were apprehended by Inspector Franklin and Sergeant McShane, who were waiting in said saloon, detailed there as a result of the complaint from Mr. Lavell that the said premises had been entered on different occasions and money and liquor stolen. Further, while waiting for Sergeant McShane to secure the saloon, you endeavored to get Inspector Franklin to help you square yourself or at least to take the key to the saloon so that it would not be found in your possession. Further, when near the Church House on the way to the station, you threw away the key and attempted to escape until halted by shots from Sergeant McShane's revolver. Further, when questioned by me in my office, you said that when you tried the door to the above saloon you found the key in the door and that you put it in your pocket, tried the other doors on your post and then returned to the saloon, admitted that you later threw the key away saying that you did not want it found in your possession, that you made no attempt to ascertain if anybody had entered the saloon at the time you claimed you found the key, and that you had not reported the matter to your superior officer nor had you intended to do so

knowing full well that such neglect of duty was a direct violation of the police rules.

The Board of Police Commissioners will give you a hearing on the above charge on Monday, May 12, 1919, at 10:30 A. M., at which time you will be present with any witnesses you may have.

Respectfully yours,

PETER F. GILMARTIN,

*Superintendent of Police.*"

(1) The petitioner contends (1) that after the verdict of not guilty all issues involved in that trial are *res adjudicata* and that the respondent is thereby barred from considering the charges in so far as they raise questions which were issues in the trial on the indictment; (2) that rule 12 of the Board of Police Commissioners is in violation of Gen. Laws, Chap. 50, § 30, in so far as said rule authorizes the Board of Police Commissioners in its discretion to punish "either by reprimand, forfeiture of pay for not exceeding thirty days for any one offence, by being reduced in rank, or by dismissal from the force, on conviction" by said Board of any legal offence; (3) that the charges on May 8, 1919, in so far as they are additional to the charges of March 8, 1918, are void because not filed within the time limit prescribed by the rules and regulations of said Board; and (4) that the charges of March 8, 1918, are void for want of prosecution.

The petitioner's first contention is unsound. Of course he cannot be again placed on trial for the same offence in a criminal court. So far as the criminal laws of the state are concerned, he is not guilty of the offence charged in the indictment. But the verdict of not guilty is simply a bar to further criminal prosecution for the same offense. Had he in the indictment been charged with larceny from Mr. Lavell and on trial found not guilty the judgment of not guilty would not have precluded Mr. Lavell from proceeding against the petitioner in a civil action and recovering the value of the goods carried away. Mr. Lavell would be per-

mitted in spite of the verdict of not guilty to prove that the petitioner was, as a matter of fact, guilty.

23 Cyc. p. 1349 lays down the rule as follows: "Where the same acts or transactions constitute a crime and also give to a private individual a right of action for damages or for a penalty, the acquittal of the defendant, when tried for the criminal offence, is no bar to the prosecution of the civil action against him, nor is it evidence of his innocence in such action."

Mr. Lavell would not be barred by the verdict for the reason, first, that he was not a party to the criminal action, and second, because the rule' as to the burden of proof is different in a civil case. To secure a conviction in a criminal case the state must prove the defendant guilty beyond a reasonable doubt. In a civil action the plaintiff is entitled to a verdict if he can prove his case by a fair preponderance of the evidence.

For the reasons stated it is clear that the Board of Police Commissioners has jurisdiction. It is not only the right but the duty of the Board of Police Commissioners, before reinstating the petitioner to investigate this phase of the charge unless they are satisfied that the petitioner had no criminal intent.

(2)   No part of rule 12 of said Board is in violation of Gen. Laws, Chap. 50, § 30, which reads as follows: "No ordinance or regulation whatsoever, made by a town council, shall impose or at any time be construed to continue to impose, any penalty for the commission or omission of any act punishable as a crime, misdemeanor or offence, by the statute law of the state."

It is sufficient to say that the rule of the Board of Police Commissioners is not an ordinance or regulation made by a town council or by the ordinance making power for the city of Providence. The Board of Police Commissioners has no authority and does not assume to legislate. But it may make rules for the efficient management and direction of the police department.

Sections 3 and 7 of Chapter 930 of the Public Laws, passed November 22, 1901, read as follows: "Sec. 3. Said board shall have authority to appoint, remove, organize, and control the chief of police and the police and the police matrons and all other attaches of the police department of said city as said city is now or hereafter may be constituted, and shall have authority to make all needful rules and regulations for their efficiency, management, and direction not inconsistent with the laws of the state."

"Sec. 7. Said board may remove from office at any time any officer appointed by it or placed under its control by law."

(3) The petitioner was suspended March 8, 1918. On the same day charges in writing were preferred against him. Since that date the petitioner has been continuously and still is suspended from duty. The communication from the Board to the petitioner under date of May 9, 1919, only purports to be an amplification of the charges preferred March 8, 1918. It is in the nature of a bill of particulars, based upon additional information. Rule 2, Section 6 imposes on the superintendent of police the duty of making a written complaint to be filed within twenty-four hours of suspension. The rule was complied with in this case. The Board is not a court of law. Therefore the strict rules of pleading and practice applicable to courts of law do not apply. There is no rule of the Board which prevents the filing of further written complaints at any time. The only requirement as to preferring charges against a member of the police force is that the charges must be in writing.

(4) It does not appear that the petitioner demanded a hearing before or during the time he was awaiting trial on the criminal charge. If the petitioner did not ask for a hearing it was proper for the Board of Police Commissioners to continue the hearing on the charges in order that his cause before the criminal court might not be prejudiced. No rule of the Board of Police Commissioners or law of the state required the Board to act while the petitioner was not seeking a

hearing. The Board of Police Commissioners has jurisdiction to hear the charges preferred against the petitioner unless its procedure fails to comply with its own rules or violates a law of the state.

The Board is charged with that important duty of enforcing the laws of the state and the ordinances of the city of Providence and protecting the lives and the property of the citizens of the community. In order to obtain the best results, it is necessary that the police department should be maintained at the highest standard of efficiency and discipline, and, in order to accomplish the purpose for which the Board of Police Commissioners was established, broad powers are specifically conferred on this Board by Chapter 930 of the Public Laws of 1901.

It is evident from the facts as set out in the petition that the Board of Police Commissioners has acted in accordance with the laws of the state and that it has complied with its own rules.

The petition is denied and dismissed and the restraining order heretofore entered by this court is dissolved.

*John J. Fitzgerald, Joseph C. Cawley,* for petitioner.

*Elmer S. Chace, Henry C. Cram, Ellis L. Yatman,* for respondent.