**People of the State of Illinois, Defendant in Error, v. Stanley Kuduk, Plaintiff in Error.**

**Gen. No. 42,636.**

Opinion filed December 13, 1943.   Rehearing denied December 28, 1943.

ROMAN E. POSANSKI, of Chicago, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE and JOSEPH A. POPE, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this writ of error Stanley Kuduk seeks to reverse orders entered finding he had violated the conditions of his probation, terminating probation and sentencing him to the penitentiary for not less than one year and not more than 14 years for the crime of manslaughter.

The record discloses that two indictments for manslaughter were returned by the grand jury of Cook county charging him with recklessly driving an automobile, as a result of which, two persons were killed.

He was arraigned on both indictments and entered a plea of not guilty, was released and his bail was reduced to $3,000. There were a number of orders continuing the case and April 23, 1941, defendant withdrew his plea of not guilty and entered a plea that he was guilty of manslaughter as charged. At that time defendant was 23 years old. The testimony was stipulated, the court (Judge LaBuy) found defendant guilty as charged and defendant moved to be released on probation. The matter was continued and April 30, 1941, an order was entered sustaining defendant's motion and he was "released on probation for a period of one (1) year to be extended one (1) year on his own recognizance of Five Hundred ($500) Dollars day to day, as to each of the" two causes.

April 22, 1942, the State's Attorney filed a verified petition to terminate the probation in which the conviction and probation are set up and it is then averred that on November 30, 1941, while defendant was on probation he was "arrested and charged with the crime of driving an automobile while under the influence of intoxicating liquor and of reckless driving" and that an indictment was returned against him by the grand jury in the Criminal court of Cook county. Afterwards the cause came on for trial before the court without a jury, and after hearing, the court found defendant not guilty. It is set up in the petition that defendant on that trial, which was before Judge Ward, testified that he was not driving the automobile as charged; that on the same day of the trial, April 16, 1942, Henry Chmielewski testified that defendant was not driving the car as charged in the indictment but that it was driven by defendant's brother, Chester. The record discloses that at the close of that day, Chmielewski was taken into custody and was again put on the stand the next day when the trial was continued, and testified that he had testified falsely and that defendant Stanley was driving the car as charged.

The petition further charges that after defendant was found not guilty and acquitted in that case, an examination was made of the files in the office of the probation officer which showed that defendant, on December 15, 1941, had reported to the probation officer, John M. Haas, that he had had an accident with the Homewood police car [November 30, 1941] and that defendant stated that he had paid the damages caused by the accident and that defendant said he was driving the automobile ''and had been drinking a little intoxicating liquor.'' The petition continues and charges that the testimony given by Kuduk on the trial of the case before Judge WARD was in conflict with the admission he had made before the probation officer ''and that had said testimony of said John M. Haas been adduced in court on the trial of said cause, said defendant would not have been found not guilty.'' The petition was verified by an Assistant State's Attorney and his affidavit was also made a part of it in which he swore to substantially the same facts. The affidavit of Haas, the probation officer, was also attached and stated substantially the same matters as were set up in the petition.

The petition came up for hearing before Judge DUNNE sitting in the criminal court, on the 23rd of April, 1942, and a number of orders were entered continuing it from time to time. The evidence was then introduced. But counsel for defendant says that he ''deemed it unnecessary to burden the court with an abstract of the entire testimony'' but that he abstracted ''only such portions of the record as affirmatively show that there was a hearing before Judge WARD on the matter alleged in the first petition filed before Judge DUNNE for the termination of defendant's probation in which proceeding the defendant was exonerated.'' Counsel for defendant objected to the introduction of this evidence and moved to strike the petition on the ground that the matter had been

.adjudicated by Judge WARD. The judge, however, stated he would hear the evidence and then rule on the objection. And after the evidence was all introduced and this phase of the case closed, one of the Assistant State's Attorneys stated he had been informed by Mr. Haas, the probation officer, that defendant was arrested May 18, 1942, in the city of Harvey, charged with the crime of "disorderly conduct and drunkenness," before Justice BERGGREN, of Harvey, and that on the trial of that matter defendant was found guilty and fined $10 and costs. The Assistant State's Attorney then stated that in as much as the court had taken the matter under advisement he would ask leave to file a new or amended petition so as to set up the matters which occurred in Harvey. The court gave leave to file the amended petition which was later filed, evidence on the additional charge was introduced, which included a transcript of the proceeding before the police magistrate of Harvey. Frank Del Nagro, a police officer of Harvey, then testified that he arrested defendant May 18, 1942, that a complaint was filed against him on the following day, and the matter heard before the police magistrate. He further testified: "The case against Stanley Kuduk was a charge of disorderly conduct"; that he was in the court room when Kuduk was found .guilty of disorderly conduct and fined $10. In the transcript of the record the case is entitled "People of the City of Harvey v. Stanley Kuduk" and states that "May 18, A. D. 1942, Complaint in writing under Oath filed by Officer Del Nagro, charging defendant with Disorderly Conduct"; that on May 19, 1942, the case was called in the court room in the city of Harvey; that the People were represented, defendant present and he pleaded not guilty, a jury was waived, witnesses sworn and examined and "The Court finds from the evidence that the defendant is guilty of the following offense which is more specifically described in said com-

plaint." And further, that on the 18th of May in the city of Harvey, defendant "did unlawfully conduct himself in a disorderly manner by being drunk, fighting and using vile and abusive language contrary to the form of the Statute in such case made and provided and against the peace and dignity of the People of the City of Harvey." And a $10 fine was imposed, together with costs of $5. This hearing on the amended petition was on June 10, 1942. At that time defendant had not filed an answer but it was agreed he might do so later, and the record discloses that defendant filed his answer September 15, 1942, "*Nunc pro tunc* as of June 15, 1942."

When the People had finished introducing evidence on June 10, which was in reference to the Harvey affair, the matter was continued to July 1, and at that time counsel for defendant stated he had no further evidence to offer; that he would rest on the record. The court then terminated the probation and counsel for defendant at that time said: "Now, your Honor's finding is on the basis of that conviction by the Justice of the Peace. The Court: Not it alone, but the petition and the amended petition."

Counsel for defendant says that the petition filed by the State's Attorney "was not sufficient to authorize the Court to terminate the probation." We think there is no merit in this contention, moreover, the evidence was heard and the question is whether the evidence was sufficient to warrant the court in terminating the probation and sentencing defendant.

The Act providing for a system of probation, Ill. Rev. Stat. 1943, ch. 38, par. 784, *et seq.* [Jones Ill. Stats. Ann. 37.771, *et seq.*], provides in par. 787, the conditions for the releasing of a person on probation, the pertinent part of which is: "Release on probation shall be upon the following conditions: (1) That the probationer shall not, during the term of his probation, violate any criminal law of the State of Illinois,

or any ordinance of any municipality of said state,"
and further, that the person convicted of a felony or
misdemeanor and placed on probation shall not leave
the state without the consent of the court, that he shall
report once a month or as often as the court may di-
rect, of his conduct, employment, etc., enter into a
bond of recognizance in such sum as the court may
direct, with or without surety and performing the
conditions imposed. Then follow other provisions of
the section not important here, and continuing, par. 6
of the section provides: "That the defendant shall do
or refrain from doing such further acts touching upon
his personal habits and conduct, including the use of
intoxicating liquors, the operation of motor vehicles,
visiting houses of ill fame, associating with prostitutes
or criminals, as the Court may deem necessary for the
proper conduct and reform of such defendant, pro-
vided, however, the violation by the defendant of that
part of the order based on this paragraph, shall not
be ground for revoking the order admitting the de-
fendant, but shall be deemed in contempt of the Court
and defendant may be proceeded against as in other
cases of contempt."

The order of Judge LaBuy, granting defendant pro-
bation is not in the record before us, nor is the com-
plaint filed before the police magistrate in the City of
Harvey, but the transcript of the police magistrate
states that the complaint charged defendant with
"disorderly conduct" and the transcript shows that
defendant conducted himself in a disorderly manner
"by being drunk, fighting and using vile and abusive
language" contrary to the statute "and against the
peace and dignity of the People of the City of Har-
vey."

Counsel for defendant says that what defendant was
charged and found guilty of by the police magistrate
was not sufficient to warrant the court in revoking the

probation and sentencing him to the penitentiary but only that he might be charged with contempt of court as provided in par. 6, above quoted. That paragraph provides that where one is on probation and uses intoxicating liquors he may be proceeded against as for a contempt only. And counsel further contends that the finding of defendant guilty by the police magistrate and the imposition of the $10 fine ''hardly takes on the character of a crime or misdemeanor within the meaning of the probation statute so as to authorize and justify'' a justice of the peace in terminating the probation, citing *People v. Prell,* 299 Ill. App. 133.

Counsel for defendant contends that the acquittal before Judge WARD was *res judicata* of the matter brought before Judge DUNNE except the proceeding in the City of Harvey, to revoke defendant's probation, and further, that to permit the same matter to be gone into before Judge DUNNE placed defendant in double jeopardy. We think neither of these contentions can be sustained. The issues tried before Judge WARD were criminal and the People were required to prove the charge beyond a reasonable doubt while the matter before Judge DUNNE was whether Kuduk had violated the terms of his probation, which did not require such a degree of proof. And this court would not be warranted in disturbing the judgment revoking the probation and sentencing defendant under his plea of guilty to the charges made before Judge LABUY unless we are able to say that Judge DUNNE acted arbitrarily and abused his discretion. *People v. Hill,* 344 Ill. 246; *People v. Lewis,* 376 Ill. 509, and no contention is made that Judge DUNNE acted arbitrarily or abused his discretion. The only contention by counsel for defendant is that the court erred in admitting evidence of the offense which had been tried before Judge WARD. This evidence was properly admitted.

*People v. Lewis,* 376 Ill. 509; *Keats v. Board of Police Com'rs,* 42 R. I. 240, 107 Atl. 74; *Kavanaugh v. Paull,* 55 R. I. 41, 177 Atl. 352.

The orders of the criminal court of Cook county are affirmed.

*Orders affirmed.*

NIEMEYER and MATCHETT, JJ., concur.