People of State of Illinois, Defendant in Error, v. Frank W. Bruno, Plaintiff in Error.

Gen. No. 44,003.

Opinion filed April 2, 1947. Released for publication April 25, 1947.

GEORGE M. TEARNEY, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, for defendant in error; WILLIAM J. TUOHY, State's Attorney, EDWARD E. WILSON, JOHN T. GALLAGHER, JOSEPH A. POPE, MELVIN REMBE, and W. S. MIROSLAWSKI, Assistant State's Attorneys, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

A writ of error issued from the Supreme Court to the Criminal Court of Cook County to review an order revoking the probation of Plaintiff in Error Bruno. The Supreme Court transferred the cause to this court as having final jurisdiction to review such an order. *People v. Bruno,* 395 Ill. 382.

On January 25, 1945, Bruno was indicted for the crime of robbery. January 29 he pleaded not guilty. February 21 he waived trial by jury and submitted the cause to the court for trial. The testimony was stipulated and Bruno was found guilty of robbery as charged. He applied for probation. On March 2, 1945 the trial court released Bruno on probation for two years. He was ordered to make restitution of $48 to the prosecuting witness.

The trial court on August 22, 1945 revoked the probation and sentenced Bruno to the penitentiary for not less than three (3) nor more than five (5) years for the crime of robbery of which he had been convicted before probation.

Bruno contends the court committed error because the charges of violation of probation conditions were not made in writing by the probation officer and filed in the case by the court clerk as required in Par. 795, Sub-par. 3, Chap. 38, Ill. Rev. Stat. [Jones Ill. Stats.

Ann. 37.782, subpar. (3)]; because no capias or bench warrant issued for him under Paragraph 789, Chap. 38 [Jones Ill. Stats. Ann. 37.776]; and because he should have had representation of counsel to defend against the violation charges.

The revocation order recites the presence of the State's Attorney; the presence of defendant in person and by counsel; and the presence of the Probation department by representation. It ruled that Bruno should show cause why probation should not be revoked and recited the hearing of the violation charges.

There is nothing in the record which would justify this court in finding that the revocation order does not speak the truth. We find that Bruno was represented by counsel at the hearing. There is nothing to show that he was not properly before the court or was not accorded due process; nothing to show that the hearing was not based upon written charges of the probation officer or that the charges were not filed in the case by the court, and nothing to show that the hearing may not have been upon "other satisfactory proof" of the violation. Par. 789, Chap. 38, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 37.776]. We cannot see that *People v. Cahill*, 300 Ill. 279 supports any contention Bruno makes here.

The order revoking probation and the judgment of the court are affirmed.

*Affirmed.*

LEWE, P. J., and BURKE, J., concur.