**People of State of Illinois, Defendant in Error, v. John W. Adams, Plaintiff in Error.**

**Gen. No. 9,728.**

Opinion filed March 7, 1951. Released for publication April 3, 1951.

JOHN W. ADAMS, of Menard, *pro se.*

IVAN A. ELLIOTT, Attorney General of Springfield, for defendant in error; JOHN J. BRESEE, State's Attor-

ney; Champaign County, Urbana, and HARRY L. PATE, Assistant Attorney General, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

John W. Adams, the plaintiff in error, was indicted by the grand jury at the January Term, 1946, of Champaign county circuit court, for the offense of burglary and larceny.

On January 31, 1946, he entered a plea of guilty to Count I of the indictment, which charged burglary, and made application for probation. The application for probation was allowed on February 21, 1946 and he was admitted to probation for a period of two years; one of the conditions of probation being that he be imprisoned at the Illinois State Farm at Vandalia for the first six months of that period.

On March 11, 1947, on motion of the probation officer, and after a hearing, the court revoked the probation and sentenced plaintiff in error to the Illinois State Penitentiary for the statutory period of not less than one year and not more than life. Plaintiff in error prosecuted a writ of error to review the order revoking the probation. The Supreme Court in *People v. Adams*, 406 Ill. 232, held that court was without jurisdiction to review or decide questions pertaining to an order revoking a prior order granting probation for the reason that section 15 of the Probation Act (Ill. Rev. Stat. 1945, ch. 38, par. 798 [Jones Ill. Stats. Ann. 37.785]) provides for a review by the Appellate Court of any order changing, modifying or terminating the probation period, as in case of appeals from or writs of error to the circuit courts in misdemeanors, and thereupon ordered the case transferred to this Appellate Court.

The errors assigned are:

(1) The court erred in fixing as part of the conditions of probation of the plaintiff in error, a term of

imprisonment for six months in the State Farm at Vandalia; failed to continue the cause and lost all jurisdiction to subsequently sentence plaintiff in error to imprisonment in the penitentiary;

(2) The plaintiff in error was deprived of due process of law and his imprisonment is void.

As to the first contention the record discloses that on January 31, 1946, plaintiff in error appeared, together with his counsel, and filed a motion to quash the indictment, which was argued and overruled. The plaintiff in error was thereupon arraigned and entered a plea of guilty to Count I of the indictment. The record shows that he was fully advised as to the consequences of the plea, and persisted therein; that said plea was entered of record and judgment entered on Count I. The court found that he was 22 years of age, and he entered a motion to be admitted to probation, which was referred to the probation officer for investigation and report.

Again on February 21, 1946, the plaintiff in error appeared with his counsel, and the court heard evidence, and after a conference between the defendant and his family in the chambers, the court entered an order admitting the defendant to probation for a period of two years upon the following conditions:

(1) that said defendant be immediately imprisoned at the Illinois State Farm at Vandalia, Illinois, for a term of six (6) months,

(2) that he make restitution after his release from imprisonment to the person or persons injured or defrauded by him, and

(3) that he make contributions from his earnings for the support of his wife and children in amounts sufficient to keep them; and that he pay the costs of this prosecution in the total sum of $39.15 over a period of eighteen (18) months after he is released from imprisonment referred to above, and further that the said

defendant comply with the other provisions of the Illinois Statutes and that bond for probation be fixed at $100, which is taken and approved in open court.

Plaintiff in error contends that it was error for the trial court to fix as part of the condition of his probation a term of imprisonment for six months at the State Farm at Vandalia, and cites Ill. Rev. Stat., ch. 38, par. 787 [Jones Ill. Stats. Ann. 37.774], which reads:

"That he shall be immediately imprisoned in the county jail for not more than six months, or that he shall pay immediately or within the period of his probation, a fine imposed at the time of being placed on probation, or both, in the discretion of the court. . . ."

██ There can be no question as to the authority and right of the trial court to commit the plaintiff in error to the State Farm at Vandalia under the above-mentioned section. Chapter 118 of the Revised Statutes of Illinois, par. 15 [Jones Ill. Stats. Ann. 99.105], provides as follows:

"In all cases in which a court is now or hereafter authorized by law to sentence male offenders above the age of sixteen years to jail, or to commit such offenders to work out fine and costs, such court is authorized in its discretion, if the sentence is for sixty days or more, to commit or sentence to the Illinois State Farm. . . ."

██ The language of the above section is clear and can be subject to only one interpretation. Any court who has the authority to commit a defendant to the county jail may, in its discretion, commit the defendant to the Illinois State Farm at Vandalia if the conditions of the commitment are met. In the instant case the defendant was found to be 22 years of age, which was above the required age of 16, and the sentence is for 60 days or more as provided for in the statute. *People v. Lavendowski,* 329 Ill. 223.

It is next contended that the trial court failed to continue the case when it granted probation, that the

records failed to show a continuance of the case and the court therefore lost jurisdiction over the defendant and power to enter any subsequent order in the case.

Chapter 38, par. 786, Ill. Rev. Stat., 1949 [Jones Ill. Stats. Ann. 37.773], provides in part as follows:

"If such application is granted, the judge granting the same shall thereupon enter an order continuing the cause for a period . . . . A cause continued pursuant to the provisions of this Act shall be deemed subject to the jurisdiction of the court in which it is pending, or any judge thereof, for the full period of its continuance, during which time orders may be entered with respect to the conditions of probation, or final sentence imposed without the formal setting aside of such order of continuance."

■ The entire record is not furnished to this court. Plaintiff in error complains of what the record does not show, yet he fails to furnish the record itself, and we must adjudicate the matter upon the record before the court.

■ ■ An examination of the order of probation itself, entered on February 21, 1946, discloses that the defendant was "admitted to probation for a period of two years on the following, among other conditions." Then follows the conditions as set forth elsewhere in this opinion. The words of the order of probation in themselves continue the case and retain jurisdiction in the court. The very word "probation" indicates that the court suspends the imposition of the sentence during the probationary period (in this case two years) and retains jurisdiction of the defendant for that period of time, with the right and authority to enter an order revoking and terminating the order of probation and imposing sentence upon the original conviction. Furthermore the order fixed the bond for probation and approved the same and retained jurisdiction for a period of eighteen months after his release from the

State Farm to compel the payment of court costs. This all negatives the contention that the cause was not continued and jurisdiction lost.

Plaintiff in error next contends that the court had no legal hearing upon his alleged violation of probation for the reason that no rule to show cause was issued as to why defendant's probation should be revoked. He cites ch. 38, par. 789, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 37.776], which reads:

"At any time during the period of probation, the court may, upon report by a probation officer or other satisfactory proof of the violation by the probationer of any of the conditions of his probation, revoke and terminate the same and issue a warrant for the arrest of the probationer, . . . and may be served by any probation officer in the state or by any officer authorized to serve criminal process in any city or county in the state. Upon the probationer being brought before the court for violation of his probation, the court may enter a rule upon the probationer to show cause why his probation should not be terminated and judgment entered, and sentence imposed upon the original conviction and release upon bail shall be allowed as in other cases."

 An examination of the order of the trial court entered on March 11, 1947, which order revoked and terminated the probation of the defendant and sentenced the defendant to the Illinois State Penitentiary for a period from one year to life, shows that the plaintiff in error filed an answer to the motion to revoke probation, appeared "in his own proper person and attended by his counsel," and that the court heard evidence and arguments on the motion of the state's attorney to revoke the probation of the defendant. The record shows no objection on the part of himself or his attorney to the proceedings or any part of the same, but on the contrary, indicates that the plaintiff in

error appeared and submitted himself to the jurisdiction of the court. Plaintiff in error had a fair hearing upon the question of whether or not he had complied with the conditions of the probation order, the hearing was conducted according to the established procedure of judicial inquiry and the rights of the plaintiff in error were not lost, but, on the contrary, were well protected. Under the facts it is not mandatory that the court enter a rule upon the probationer to show cause.

■ The record clearly shows that the plaintiff in error was protected in all his rights and that during the period under which the plaintiff in error was on probation proper procedure was employed in the court to terminate and revoke probation.

■ ■ The trial court had full authority to grant probation and impose certain conditions allowed by statute. The present sentence was authorized by statute and was properly imposed by the trial court.

It does not appear that the trial court exceeded his jurisdiction at any time, nor at any time did the court lose jurisdiction. The constitutional rights of the plaintiff in error, and all rights and privileges rightfully due him, were fully and adequately protected. The judgment of the trial court should be affirmed.

*Affirmed.*