(No. 33957.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN KOSTAKEN, Plaintiff in Error.

*Opinion filed March 20, 1957.*

CHARLES A. BELLOWS, and JASON ERNEST BELLOWS, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In 1950 the defendant, John Kostaken, was convicted of armed robbery on his plea of guilty and was placed on probation for five years. On January 15, 1953, a warrant was issued for his arrest for violation of probation, and on December 15, 1954, an order was entered revoking his probation and sentencing him to imprisonment for a term of not less than one nor more than ten years. By this writ of error he seeks to review that order.

Section 15 of the Probation Act provides that orders "changing, modifying or terminating the probation period" may be reviewed, and that the "appellate courts of this State are hereby given jurisdiction finally to hear and determine all such appeals and writs of error  *  *  *." (Ill. Rev. Stat. 1955, chap. 38, par. 798.) Notwithstanding this provision, the defendant contends that this court has jurisdiction because constitutional questions are involved. The same conduct that was the basis of the proceeding to revoke his probation was also the subject of an indictment that was returned February 3, 1953, and ultimately dismissed in March of 1955, after his probation had been revoked. Because of the interrelation of the indictment and the proceeding to revoke probation, defendant contends that his rights to a speedy trial, to trial by jury and to due process and equal protection were violated.

In our opinion this court is without jurisdiction. It has often been held that section 15 denies to this court the power to review orders of this kind. (*People* v. *Adams,* 406 Ill. 232; *People* v. *Small,* 401 Ill. 20; *People* v. *Bruno,* 395 Ill. 382; cf. *People* v. *Kuduk,* 388 Ill. 248.) The briefs filed in this court in those cases, as well as the opinions of the Appellate Court, show that constitutional questions of the type here presented were there involved. *People* v. *Adams,* 342 Ill. App. 625; *People* v. *Bruno,* 331 Ill. App. 35; *People* v. *Kuduk,* 320 Ill. App. 610.

There is a close analogy between section 15 of the Probation Act and section 78 of the Civil Practice Act (Ill. Rev. Stat. 1955, chap. 110, par. 78.) Section 78 provides that appeals from interlocutory orders shall go to the Appellate Court and that the judgments of that court are not reviewable. The Appellate Court has often held that this section gives it jurisdiction even though constitutional questions are involved. (*Klever Shampay Karpet Kleaners, Inc.* v. *City of Chicago,* 238 Ill. App. 291; *Webb* v. *Marozas,* 268 Ill. App. 338; cf. *Murray* v. *Hagmann,* 315 Ill. 437.)

Section 11 of article VI of the constitution does not require that this court be given jurisdiction of all cases involving constitutional questions, and so appellate jurisdiction in those cases rests with the legislature.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*