People of State of Illinios, Defendant in Error, v. Kenneth J. Koning, Plaintiff in Error.

Gen. No. 11,127.

Second District, First Division.
June 16, 1958.
Released for publication July 3, 1958.

119

120

John G. Garrity, of Freeport, for plaintiff in error.

L. Edward Beckmire, State's Attorney (George E. Schirmer, Jr., Assistant State's Attorney, of counsel) for defendant in error.

JUSTICE SPIVEY delivered the opinion of the court.

A jury in the Circuit Court of Stephenson County found the defendant, Kenneth Koning, guilty of reckless homicide and further by its verdict fixed his punishment at imprisonment in the county jail for a term of six months and assessed a fine of $500.

The defendant made application for probation and on September 14, 1956, the court entered an order releasing the defendant on probation for a period of two years upon the conditions that he pay a fine of $750 and serve sixty days in the county jail. The defendant paid the fine and served the term. Thereafter, on December 18, 1956, the court after a hearing on the people's petition to revoke probation, found that the defendant had violated the terms of his probation and entered judgment and imposed a sentence of one to five years in the Illinois State Penitentiary upon the original conviction. Defendant's motion to reduce the sentence to that fixed by the jury's verdict was denied.

From the Circuit Court's judgment the defendant brought this case to the Supreme Court by writ of

error. The Supreme Court transferred the cause to this court for want of jurisdiction. Section 15, division XVI of the Criminal Code (Ill. Rev. Stat. 1955, Chap. 38, par. 798), People v. Kostaken, 10 Ill.2d 549, 141 N.E.2d 44.

Neither party has cited nor have we been able to find any authority dealing with the precise question presented by this writ of error and we believe the instant case poses a question of first impression in Illinois.

Section 146a of division II of the Criminal Code, (Ill. Rev. Stat. 1955, chap. 38, par. 364a) fixes the limits of punishment for one found guilty of the offense of reckless homicide and provides, ". . . Any person convicted of reckless homicide shall be punished by a fine of not less than one hundred dollars ($100) or more than one thousand dollars ($1000), or by imprisonment in the county jail for a determinate period of not less than sixty (60) days and not more than six (6) months, or by both such fine and such imprisonment, or by imprisonment in the penitentiary for an indeterminate period of not less than one (1) year or more than five (5) years."

The fixing of punishment, sentence and method of imposition in criminal cases is controlled by Section 6a of division XIV of the Criminal Code. (Ill. Rev. Stat. 1955, chap. 38, par. 754a.) That section states in part, "(b) When the punishment may be either by imprisonment in the penitentiary, or by confinement in the county jail, with or without fine, if the jury will not inflict the punishment of imprisonment in the penitentiary, it shall, if it finds the accused guilty, fix the time of confinement in the jail, or fine, or both, as the case may require. . . ."

██ Defendant contends that the imposition by the trial court of a sentence in excess of the limits of punishment fixed by the verdict constitutes placing the

122

defendant twice in jeopardy for the same offense in violation of Section 10 of article II of the Illinois Constitution and cites as authority therefore People v. Siman, 284 Ill. 28, 119 N. E. 940.

In the Siman case the defendant was found guilty of an attempted petit larceny and his punishment was fixed at five months incarceration in the house of correction and a fine of one dollar.

The statutory penalty for attempted petit larceny provided for a fine not exceeding $300 *or* imprisonment in the county jail not exceeding six months.

Siman paid the fine and while incarcerated by virtue of the jail sentence brought an original petition for writ of habeas corpus in the Supreme Court seeking his release.

That court in releasing the relator held that the trial court might have imposed either the penalty of imprisonment *or* the fine but not both, and by imposing two valid punishments had violated the constitutional provision that one cannot be twice placed in jeopardy and punished for the same offense. To like effect, Ex parte Lange, 18 Wall. (85 U. S.) 163.

The Siman case is no authority for the instant case as we are not here confronted with two valid sentences placing a defendant in double jeopardy, nor has defendant again been placed on trial for the same offense.

It is next urged by the defendant that the trial court's failure to continue the cause by formal order entered of record at the time of releasing defendant on probation resulted in the complete loss of jurisdiction by the court to further deal with the defendant.

Chap. 38, par. 786, Ill. Rev. Stat., 1955 provides inter alia, "Orders granting or refusing release on probation shall be entered of record. . . . If such application is granted, the judge granting the same shall thereupon enter an order continuing the cause for

a period not exceeding six months in cases of violation of a municipal ordinance and not exceeding five years in the case of other offenses, and by such order fix and specify the terms and conditions of the probation of such defendant as herein provided. A cause continued pursuant to the provisions of this Act shall be deemed subject to the jurisdiction of the court in which it is pending, or any judge thereof, for the full period of its continuance, during which time orders may be entered with respect to the conditions of probation, or final sentence imposed without the formal setting aside of such order of continuance."

The period of probation and period of continuance provided in Chap. 38, par. 786 have been held by our Supreme Court to be analogous. In People v. Cahill, 300 Ill. 279, it was said at page 284,

"There are no sections of the statute other than the foregoing that fix or assume to fix what the statute denominates as the 'probation period.' This probation period is fixed by the provisions of Section 3 of the act and is fixed by the length of time the court is authorized to continue the cause at the term in which the application of probation is first granted . . ."

In the case of People v. Adams, 342 Ill. App. 625, a similar contention was raised. At page 629, the court stated, "It is next contended that the trial court failed to continue the case when it granted probation, that the records failed to show a continuance of the case and the court therefore lost jurisdiction over the defendant and power to enter any subsequent order in the case. . . . An examination of the order of probation itself, entered on February 21, 1946, discloses that the defendant was admitted to probation for a period of two years on the following among other conditions. Then follows the conditions as set forth elsewhere in this opinion. The words of the order of pro-

bation in themselves continue the case and retain jurisdiction in the court. The very word 'probation' indicates that the court suspends the imposition of the sentence during the probationary period (in this case two years) and retains jurisdiction of the defendant for that period of time, with the right and authority to enter an order revoking and terminating the order of probation and imposing sentence upon the original conviction." We find this language persuasive on the point.

■ Defendant in error suggests that the record discloses that the judge's docket contains an entry, "cause continued during period of probation. See written order." However, no such wording was contained in the formal order, nor were those minutes appearing on the judge's docket expanded upon the clerk's records. The minutes or memoranda which the judge makes on his own docket are merely kept by him for his own convenience so as to enable him to see that the clerk properly prepares the record. They do not constitute a record of the proceedings of the court. Mitchell v. Van Scoyk, 1 Ill.2d 160.

In the instant case the court's formal order provided, "The defendant is placed upon probation for a period of two years." This period was well within the limits permitted of by Chap. 38, par. 786, Ill. Rev. Stat. 1955.

■ We conclude that the trial court's order was in substantial compliance with the requirements of Chap. 38, par. 786, and that the court retained jurisdiction for all purposes under the provisions of the probation act and did not act in violation of Section 2 of Article II of the Illinois Constitution. People v. McMurray, 391 Ill. 271, 62 N.E.2d 793, cited by defendant is inapplicable. We fail to see in what manner a defendant would be prejudiced by this interpretation. At best, and we do not so hold, defendant's objection would be only a technical informality.

125

■■ It was said in People v. Molz, 415 Ill. 183, 113 N.E.2d 314, "The exercise of the power to grant or deny probation should be in conformity with the statute, but informalities or irregularities which do not prejudice the defendant in any manner may be disregarded. C. J. S. Vol. 24, Page 179."

Defendant further argues that the trial court in pronouncing a penalty at variance with that fixed by the jury's verdict deprived him of a trial by jury as guaranteed by Section 5 of Article II of the Illinois Constitution. With this argument we are unable to agree.

■ The right protected by the constitution was the right of trial by jury as it existed at common law. That right extends only to the question of the guilt or innocence of a defendant and does not extend to the question of the punishment that may be inflicted by the court after a verdict of guilty. People v. Heise, 257 Ill. 443, 100 N. E. 1000, George v. People, 167 Ill. 447, 47 N. E. 741, and People ex rel. Bradley v. State Reformatory, 148 Ill. 413, 36 N. E. 76.

We are, however, in complete accord with defendant's contention that the court erred in fixing a penalty which was not in harmony with the jury's verdict.

In People v. Nicholson, 401 Ill. 546, 82 N.E.2d 656, it was said, "There is a difference between penalty and sentence, which plaintiff in error has consistently overlooked in his argument. The punishment or penalty is fixed by the law defining and inhibiting the criminal act; the sentence is the final determination of the criminal court,—the pronouncement by the judge of the penalty or punishment as the consequence to the defendant of the fact of his guilt. Featherstone v. People, 194 Ill. 325." I. L. P. Criminal Law, Section 820.

The defendant Koning exercised his right to a trial by jury as guaranteed him by Section 5 of Article II

126

of the Illinois Constitution and was entitled to have his penalty or punishment fixed by the jury as provided in Section 6a of division XIV of the Criminal Code within the limits prescribed in Section 146a of division II of the Criminal Code, after having been found guilty.

█ Where the jury is authorized to fix the punishment, the judgment or sentence must fix the punishment in accordance with that fixed by the verdict. I. L. P. Criminal Law, Sec. 820.

The Supreme Court of Illinois said in People v. Collins, 375 Ill. 253, 31 N.E.2d 295, "The law declares that, under such circumstances, the jury shall fix the punishment after a finding of guilty. It is clear the trial court cannot override the statute by any change of the punishment determined by the jury."

Again this court in People v. Niederhauser, 258 Ill. App. 564 said,

"Lastly, it is insisted that the court erred in imposing a fine in addition to the penitentiary sentence, the jury not having found that a fine should be imposed. Counsel for defendant in error practically concedes that the imposition of a fine was not warranted, but insists that the fine may be disregarded. As the cause will have to be reversed and remanded, it is not necessary for us to discuss this question. It is only necessary to say that the imposition of such fine was erroneous. Cahill's St. ch. 38, ¶ 781; Shields v. People, 132 Ill. App. 109–139; People v. Schneider, Gen. No. 8085 (Opinion filed in this court July 7, 1930.)"

█ The granting of probation only defers the imposition of sentence. People v. Kostaken, 16 Ill.App.2d 395, 148 N.E.2d 615. Granting probation in no wise cloaks the court with greater latitude in the pronouncement of sentence than it would have had in the absence of the granting of probation.

We have reviewed the evidence adduced at the hearing on the petition to revoke Koning's probation. There

was conflicting evidence on the question of whether or not the defendant had violated the terms of his probation. We are unable to say that the evidence was not sufficient to support a finding that the defendant had violated the terms of his probation.

Revocation of probation is a matter of judicial discretion which will not be reversed on review in the absence of an abuse of discretion. People v. Kuduk, 320 Ill. App. 610, 51 N.E.2d 997, and People v. Esposito, 343 Ill. App. 146, 98 N.E.2d 126.

The State need only prove that the defendant had violated a condition of his probation by a preponderance of the evidence and not beyond a reasonable doubt. People v. Burrell, 334 Ill. App. 253, 79 N.E.2d 89; People v. Kuduk, 320 Ill. App. 610, 51 N.E.2d 997; and People v. Kostaken, 16 Ill.App.2d 395, 148 N.E.2d 615.

This judgment is reversed and the cause remanded with directions to impose sentence in conformity with the verdict of the jury.

Reversed and remanded with directions.

DOVE, P. J. and McNEAL, J., concur.