People of State of Illinois, Defendant in Error, v. John Kostaken, Plaintiff in Error.

Gen. No. 47,219.

First District, Second Division.
January 7, 1958.
Released for publication April 2, 1958.

Charles A. Bellows and Jason Ernest Bellows, both of Chicago, for plaintiff in error.

Latham Castle, Attorney General, of Springfield (Benjamin S. Adamowski, State's Attorney, Fred G. Leach, Assistant Attorney General, John T. Gallagher, Rudolph L. Janega, and William L. Carlin, Assistant State's Attorneys, of counsel) for defendant in error.

PRESIDING JUSTICE KILEY delivered the opinion of the court.

A writ of error was sued out of this court to review an order of the Criminal Court of Cook county revoking the probation of Kostaken and sentencing him to the penitentiary.

On January 27, 1950, Kostaken pleaded guilty to an indictment charging him with the crime of armed robbery. The same day he was admitted to probation for a period of five years. Subsequently, a warrant for violation of probation was issued against him, and thereafter, he was indicted for robbery of Guiseppi Bassi. The court refused Kostaken's demand for trial under the indictment and proceeded with the hearing for violation of probation. Upon an oral rule to show cause, the probation was revoked and later a motion to vacate the revocation order was denied after a further hearing. The indictment for the robbery of Bassi was subsequently dismissed.

Kostaken contends that his constitutional rights have been denied him in that he was deprived of his right to a speedy trial; that he was placed in double jeopardy; that he was not informed of the nature of the charge against him; and that he was deprived of his right to a trial by jury. We believe that there is no merit in any of these contentions.

██ ██ There is no express provision in the Probation Act for a hearing or a method of procedure. People v. Burrell, 334 Ill. App. 253, 257; Ill. Rev. Stat., Chap. 38, Par. 789. Kostaken was arrested on January 9, 1953 and charged with robbery of Bassi. On January 15, 1953, a warrant for violation of probation was issued, and on January 30, 1953, Kostaken was released on bail. On June 15, 1954, a hearing was commenced on the warrant for violation of probation. Though the time between the warrant and the hearing is approximately seventeen months, we do not believe that this violated Kostaken's constitutional rights.

██ ██ A probationer is not in the same category as one charged by indictment or information. (Anno. in 54 A. L. R. 1471, 1483 and in 29 A.L.R.2d 1074, 1108) because he is free by clemency of the court which has conditionally postponed his sentence provided he faithfully fulfill the requirements of probation which are imposed by statute. Ill. Rev. Stat., Chap. 38, Par. 787. It is true that this court has held that a probationer is entitled to a fair hearing in determining whether or not he has violated a condition of his probation. People v. Burrell, supra, 256. This court, however, did not attempt to place the probationer in the same position as one accused by indictment even though the condition alleged to have been violated is the commission of another crime. Thus this court in the Burrell case held that the state need not establish that the defendant has violated a condition of his probation beyond a reasonable doubt. People v. Burrell, supra, 256.

398

■ Because of this distinction, we think that neither the delay in the hearing nor the dismissal of the indictment for want of prosecution deprived Kostaken of his constitutional right. The Probation Act makes no provision for a type of procedure where the commission of a crime is the basis of the alleged violation of probation. It makes no express provision relating to the hearing, or time of hearing, or the method of procedure. The standards for hearing are those which have been specified by the courts of this state. See People v. Burrell, supra. There is no showing that those standards have been violated in this case. Kostaken could have pressed for an earlier hearing if he had so desired.

■ There is no basis for claiming double jeopardy. Kostaken was tried for violation of probation, not after dismissal of the indictment, but before that event. Furthermore, this is not a situation involving two indictments as in Newlin v. People, 221 Ill. 166, cited by Kostaken.

■ ■ The Probation Act does not require the filing of a written petition to show cause either by the State's Attorney or by the probation officer before issuance of a warrant for Kostaken's arrest for violation of probation. People v. Varner, 351 Ill. App. 243, 248. There, no written motion to show cause was made nor was the defendant formally advised prior to the hearing of the charge he was called upon to meet. It is true that the defendant there did not object as Kostaken did. The court in the Varner case stated that "the better practice would be for the State's Attorney to file such a petition in the first instance." This does not mean that revocation must be set aside where there is no formal rule if there is no showing of injustice. The record here discloses no prejudice to Kostaken arising from the oral rule to show cause. The evidence shows that he was informed of the alleged violation after he was in custody.

■ ■ With respect to the claim that Kostaken was entitled to a jury trial, the Probation Act does not provide for a jury trial of an alleged probation violation. And there is no abuse of discretion shown in the trial court's decision to proceed with the revocation hearing instead of a trial under the indictment.

■ Kostaken contends that because of the delay the action was discontinued and the court lost jurisdiction to hear the warrant. This contention is also without merit in light of the wording of the Probation Act under which the court has jurisdiction for the period of probation. See Ill. Rev. Stat., Chap. 38, Pars. 786, 787, 789.

■ Kostaken also claims that there was not convincing proof of his guilt. At the original hearing, there was testimony of Bassi's identification of Kostaken and of the latter's admission to police of his complicity in the crime. Kostaken testified that he had not participated in the crime; had never seen Bassi before; and that he was at a movie during the period in which Bassi was robbed. The court presumably believed Bassi and the police and disbelieved Kostaken. The court revoked the probation. A month or so later, a motion to vacate was made by Kostaken and upon the hearing testimony was again taken. At this hearing, for the first time, Kostaken testified he was with Bassi; had met him at the movie; and had gone with him to a hotel room. An expert witness testified that the name "John Casper" written on the hotel register was in Kostaken's handwriting but could not say definitely that the name of "Lagio Pifer," registered at the hotel at the same time, was in Bassi's handwriting. Thus, the issue again was the word of Kostaken against the police and Bassi. On this issue Kostaken's testimony that "Lagio Pifer" was Bassi is unconvincing, and the court could have concluded that the proof established that Kostaken did participate in the robbery of Bassi.

400

On the entire testimony, the fact of the delayed story of the hotel and the many inconsistencies in Kostaken's testimony, we cannot say the court should have vacated the original order of revocation.

For the reasons given the order of revocation is affirmed.

Affirmed.

FEINBERG and LEWE, JJ., concur.

On Rehearing

In this case a rehearing was granted on the petition of Kostaken. Having considered the petition and the answer thereto we have decided to adhere to our opinion filed October 22, 1957.

Affirmed on rehearing.

LEWE and MURPHY, JJ., concur.