**People of the State of Illinois, Plaintiff-Appellee, v. Freddie White, Defendant-Appellant.**

**Gen. No. 10,950.**

Fourth District.

September 5, 1968.

Glenn O. Fuller, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur (John D. Riddle, Assistant State's Attorney, of counsel), for appellee.

SMITH, P. J.

Defendant appeals from an order revoking probation and sentencing him to the penitentiary for a period of not less than 2 nor more than 5 years for forgery. A complaint charging a forgery committed subsequent to admission to probation was dismissed because not tried within 120 days. Evidence of the same forgery was received in evidence on the petition to revoke probation and that violation of the criminal law is the sole basis for the revocation of probation here reviewed. It is the defendant's position that since he could not be tried for this forgery under the 120-day rule, it cannot now be used as a basis for probation revocation. It is conceded that the evidence produced on the revocation hearing is sufficient to warrant the revocation order. The only issue here presented is whether or not it is properly admissible in evidence for any purpose.

Defendant was admitted to probation on September 27, 1966, for a period of 5 years after a plea of guilty for forgery. The original plea was to a charge of forging a check for $47.74. The probation officer's report, however, shows that he had forged seven other checks during the month of August, 1966, totaling $330.84. He was admitted to probation upon the specific condition that he would not "during the term of probation violate any criminal law of the State of Illinois." Defendant was arrested on May 17, 1967, on a complaint charging forgery. On June 21, the petition for violation of probation was filed, and a warrant issued. On September 15, the defendant filed a motion to dismiss the complaint for forgery and to dismiss the petition to revoke probation. On October 10, the court allowed the motion to strike the complaint charging forgery and denied the motion to strike the complaint charging probation violation, released the defendant on his own recognizance and allotted the hearing on the probation violation for October 20. On that day, evi-

2

dence was heard, probation revoked and the defendant sentenced.

The defendant urges that since he cannot be sent to the penitentiary for the crime charged in the May 17 complaint, he ought not wind up in the same place for a violation of probation based on the same crime. His basic argument is that since he is immune in the one instance, he is likewise immune in the other. The effect, as he sees it, should be exactly the same. In reaching this conclusion, he knocks down rather than jumps over a few hurdles to reach the finish line. The dismissal of the May 17 complaint did not find the defendant not guilty of the crime of forgery, but only that he could not be prosecuted for the crime because of the 120-day statute. It is not a finding that he did "not during the term of probation violate any criminal law of the State of Illinois."

Recently in People v. Morgan, 55 Ill App2d 157, 204 NE2d 314, we discussed at length the nature and the differences between the two proceedings and stated that invoking punishment for violation of probation does not in any sense of the word undertake to punish the defendant for offenses committed subsequent to the granting of probation. The punishment imposed upon revocation of probation is punishment deferred for the earlier offense and deferred only to achieve rehabilitation outside a penal institution rather than inside.

██ The defendant cites no authority for his position other than People v. Heider, 225 Ill 347, 80 NE 291. In that case, the defendant was discharged from prosecution on a first indictment because not tried within 120 days and a new indictment was returned charging the same crime and he was tried and convicted. The Supreme Court, of course, held that the second indictment was barred. That situation is not parallel to or comparable to an indictment and a petition to revoke. People v. Kostaken, 16 Ill App2d 395, 148 NE2d 615. The discharge of

the defendant under the 120-day rule does nothing so far as determining the truth of the facts in the May 17 complaint. In People v. Kuduk, 320 Ill App 610, 51 NE2d 997, the defendant was admitted to probation. A petition to revoke was filed charging that while on probation, the defendant was arrested and charged with the crime of driving an automobile while under the influence of intoxicating liquor and of reckless driving and that an indictment was returned against him by the Grand Jury. On a bench trial of that indictment, the defendant was found not guilty. The defendant took the position that this made the issue res judicata and that the evidence in that case was not admissible on a petition to revoke probation. The court held otherwise citing People v. Lewis, 376 Ill 509, 34 NE2d 712; Keats v. Board of Police Com'rs, 42 RI 240, 107 A 74; Kavanaugh v. Paull, 55 RI 41, 177 A 352. We adhere to the views expressed by us in Morgan and hold that such evidence is admissible on the issue of a revocation of probation for the very simple reason that proof of facts justifying revocation of probation may be established only by the greater weight of the evidence whereas evidence sufficient to convict must be proved beyond a reasonable doubt. The insufficiency of the evidence to prove the latter does not establish the insufficiency of the evidence to prove the former. It is clear that under our Probation Act, the court exercises a supervisory control over the rehabilitation of the defendant. Evidence insufficient to warrant his conviction beyond a reasonable doubt of a violation of the criminal law may very well be evidence sufficient to establish that he had in fact violated the criminal law and to undermine, if not entirely explode, the thought that a continuation on probation will affect rehabilitation outside the penitentiary rather than in it. The court's determination on a petition to revoke probation is the desirability of continuing pro-

bation and the likelihood of rehabilitation if he does. For these reasons, the judgment of the trial court is affirmed.

Affirmed.

TRAPP and CRAVEN, JJ., concur.