**People of the State of Illinois, Plaintiff-Appellee, v. Frank Smith, Defendant-Appellant.**

**Gen. No. 51,812.**

First District, Third Division.

January 9, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Ronald P. Katz and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Howard Levine, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

In December 1965, Frank Smith pleaded guilty to a charge of armed robbery. Despite prior convictions for assault with intent to rob, petty larceny (reduced from armed robbery), criminal trespass and aggravated assault, the judge placed him on probation. A month later he was arrested and again charged with robbery.

He was indicted for the robbery, and a rule to show cause why his probation should not be revoked was entered and served upon him. The rule and the indictment were assigned to the judge who had placed him on probation.

Smith requested a trial on the indictment before there was a hearing on the rule to show cause. The judge denied his motion and ordered the probation violation hearing to proceed. At the conclusion of the hearing the judge terminated the probation and sentenced Smith to the penitentiary for a term of seven to fifteen years.

The denial of his motion and the length of the sentence imposed upon him are the defendant's two assignments of error. There is no contention that the evidence was insufficient to prove a violation of probation, and such a contention could not be made seriously. The January 1966 robbery was witnessed by two police officers who were in an automobile at the time. The victim was hit in the face by the defendant and knocked to the ground. While he was down the defendant kicked him in the side and took about $70 from his pocket. The officers sped to the scene and one of them chased the defendant on foot and saw him throw the money away just before he was seized.

16

██ ██ The judge did not abuse his discretion in proceeding on the probation hearing before trying the robbery case. A defendant is not entitled, as a matter of right, to have a probation revocation hearing delayed until a trial is had on a criminal offense alleged to have been committed by him during the period of probation. People v. Brooks, 67 Ill App2d 479, 214 NE2d 498 (1966); People v. Price, 24 Ill App2d 364, 164 NE2d 528 (1960); People v. Kostaken, 16 Ill App2d 395, 148 NE2d 615 (1958).

██ ██ The defendant claims that his sentence is excessive and advances three reasons why it was imposed. First, he concludes that it was based upon the robbery of January 1966 rather than upon the armed robbery to which he pleaded guilty in December 1965. Invoking punishment for violation of probation does not undertake to punish for offenses committed subsequent to the granting of probation; rather it imposes sentence for the offense for which probation was originally granted. People v. Morgan, 55 Ill App2d 157, 204 NE2d 314 (1965); People v. Koning, 18 Ill App2d 119, 151 NE2d 103 (1958).

The defendant's conclusion is predicated solely on the disparity between the seven to fifteen-year term and the original sentence of three years' probation. This disparity does not indicate that the judge punished the defendant for the new offense. Ill Rev Stats, 1965, c 38, par 117–3 (d) reads:

> "If the court determines that a condition of probation has been violated, the court may alter the conditions of probation or imprison the probationer for a term not to exceed the maximum penalty for the offense of which the probationer was convicted."

The sentence of seven to fifteen years was within the statutory limits prescribed for the offense for which the defendant was granted probation. A person convicted

17

of armed robbery may be "imprisoned in the penitentiary for any indeterminate term with a minimum of not less than one year." Ill Rev Stats, 1965, c 38, par 18–2(b). We do not know the facts of the crime to which the defendant pleaded guilty but because of his extensive criminal record the imposition of the seven to fifteen-year sentence was well within the court's judicial discretion.

■ ■ Second, the defendant argues that his punishment might have been less severe, or his probation not revoked, if he had been tried on the new offense and acquitted. This argument is an oversimplification. To convict for a criminal offense guilt must be proved beyond a reasonable doubt, but to revoke probation guilt need merely be shown by a preponderance of the evidence. People v. Carroll, 76 Ill App2d 9, 221 NE2d 528 (1966); People v. Burrell, 334 Ill App 253, 79 NE2d 88 (1948). To require a court to await the outcome of a trial on a criminal offense before proceeding on a probation hearing would in essence raise the standard of guilt to be shown before the defendant's probation could be revoked. This is not the law and it is not in the public interest.

Third, it is suggested that the sentence was imposed because the judge became angry with the witness who testified in the defendant's behalf. The witness was a woman with whom the defendant lived and who testified she was sometimes known as his wife. She was in a restaurant with him the night of the alleged robbery and she testified that as they left the restaurant the complainant, who smelled of alcohol, fell against her. Smith came to her aid and pushed the complainant away. She said she did not see the complainant fall, or see Smith punch him or put his hands in his pockets. She implied that this might have been done by a group of teenaged boys who were following the complainant. She said that

Smith did not run and when the police arrested him she told them they should have arrested the complainant instead. They then told her she would be taken along, too, and put her in their car.

After the State finished cross-examining the witness the trial judge conducted an examination of his own and concluded by holding the witness in contempt of court for lying and by ordering that she be taken into custody. The trial then proceeded. The defendant testified in his own behalf, the defense rested and the judge pronounced his decision:

> "I placed you on probation, Smith, back in December of 1965. I did it at that time against my better judgment because you have a long record.
>
> "Are you going to lie to the court. Now you bring a prostitute in here to lie.
>
> ". . .
>
> "More than five weeks later after I put you on probation you are living with a prostitute, she is a known prostitute, she comes in here and you have her perjure herself today. She has a long line of arrests for prostitution.
>
> "There is no hope for you. Your probation is terminated as unsatisfactory. . . . I will sentence you to the Illinois State Penitentiary at Joliet, Illinois, and I will fix a minimum of 7 years and a maximum of 15 years. 7 to 15 years.
>
> "You take an old man 63 years old, you and your prostitute, you get him out of the restaurant. It just happens these two alert police officers saw you hit the old man, knock him down, kick him and then go in his pocket, and when they retrieved the $65 that you threw away after they apprehended you. . . ."

19

■ ■ The accusation that the witness committed perjury was apparently based on the fact that she contradicted the State's witnesses and on her admission that she was not Smith's wife after having told the arresting officers she was. The source of the judge's information that she was a known prostitute and had a long line of arrests for prostitution is not indicated in the record. The State, unbelievably, suggests that a prosecutor must have informed the judge, outside of the record, of the witness' past. Even more fantastic is the intimation that such conduct and the consideration of such information would be perfectly proper.

■ It is error for a court to allow its displeasure with a witness to influence its decision to revoke probation and impose sentence. People v. Carroll, 76 Ill App 2d 9, 221 NE2d 528 (1966). In Carroll the court reduced a sentence where an express factor in the trial court's imposition of the sentence was the untruthfulness of a defense witness. In the present case, although the judge's cross-examination was harsh and his characterizations unfortunate, the charge that his irritation with the witness contributed to the punishment imposed on the defendant is mere conjecture.

■ The judge was understandably irate when he revoked probation and sentenced the defendant. But that ire was caused by the defendant himself. Despite a prior criminal record and a plea of guilty to a serious offense, the defendant was granted probation. A few weeks later he committed a robbery. The judge was upset that the trust he had placed in the defendant had been betrayed and his chagrin may have been increased by the disclosure that the defendant at the time he was granted probation was living with a woman whom the judge termed a known prostitute. There is, however, nothing to support the assertion that the judge's displeasure with

20

the witness affected the sentence he imposed. The judgment will be affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.