THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT N. BALLARD, Defendant-Appellant.

(No. 55030; ▆▆▆▆▆▆▆▆

First District—June 3, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Harold A. Cowen, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Michael J. Goldstein, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant Ballard pleaded guilty to indictments charging him with burglary and violation of probation and was sentenced to from two to four years on each offense, the sentences to run concurrently. He now claims that he was denied due process of law in that his pleas of guilty were compelled by the trial court's indication it would deny defendant's motion to suppress illegally obtained evidence in the violation of probation hearing.

We affirm.

On July 25, 1969, defendant pleaded guilty to the offense of unlawful use of weapons and was placed on three years probation. On February 18, 1970, defendant was brought to trial under two indictments, one charging him with burglary and a second with violation of probation, the basis of which was the burglary indictment.

When the case was called for trial, defendant's counsel indicated that he wished to be heard on motions to suppress illegally obtained evidence. At that point, the defendant's lawyer and the State's Attorney entered into a dialogue on the availability of motions to suppress evidence in a hearing to revoke probation. When the court entered the discussion, the State's Attorney asked the court to pass the case so that he might review his file and "inform counsel of what premise we are going on to violate the defendant's probation."

When the case was called again, defendant informed the court that he wished to change his pleas from not guilty to guilty. After admonishing the defendant, the court accepted the plea of guilty to burglary and sentenced defendant. Defendant was also admonished as to the plea of guilty to violation of probation, and the court accepted that plea and sentenced defendant.

Defendant now attacks the validity of these pleas by asserting that they were coerced by the judge's refusal to hear defendant's motions to suppress.

Defendant's argument rests on two bases—first, that the judge would have proceeded to hear the probation violation prior to the burglary charge, and second, that the judge would have denied defendant's motion to suppress evidence when the burglary charge was heard.

A careful examination of the record shows both of these bases to be without merit. The judge gave no indication that he would hear the violation of probation charge first. In fact, after defendant pleaded guilty, the burglary charge was considered prior to the violation of probation. Furthermore, the court was under no duty to hear the burglary charge first. *People v. Smith* (1969), 105 Ill.App.2d 14, 245 N.E.2d 13. The court there stated at page 17:

"The judge did not abuse his discretion in proceeding on the probation hearing before trying the robbery case. A defendant is not entitled, as a matter of right, to have a probation revocation hearing delayed until a trial is had on a criminal offense alleged to have been committed by him during the period of probation."

Defendant's assumption that the trial court would have denied defendant's motion to suppress evidence when hearing the burglary charge is completely without factual support. Nowhere does the judge's language even suggest such an intent on the part of the court.

Judgment affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.