THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARNEL ROBINSON, Defendant-Appellant.

(No. 56868; )

First District—November 28, 1972.

James J. Doherty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

The defendant was found guilty on two separate indictments for burglary, and sentenced to five years probation. These sentences were pronounced by the court on January 9, 1970 and December 11, 1970. On February 4, 1971, defendant was convicted of the unlawful possession of marijuana and was sentenced to serve five years probation, the first six months to be spent in the County Jail. On August 4, 1971, defendant was found guilty of theft and sentenced to serve 51 days in the County Jail. Subsequent to the last named conviction, a rule to show cause was served on defendant, and on October 6, 1971, a hearing was held affording him an opportunity to show why his probation should not be revoked.

At this hearing evidence of his conviction for theft was introduced, as well as his consistent failure to report to his probation officer. After hear-

ing all the evidence the court found defendant guilty of violating parole, and pronounced sentence as follows: for possession of an amount of marijuana in excess of 2.5 grams—90 days; for two burglaries—two sentences of two to six years; all three sentences to run concurrently.

A notice of appeal having been filed, the office of the Public Defender was appointed to represent defendant. That office has since petitioned for leave to withdraw as appellate counsel and has filed a brief in support of its petition. Both the brief and the petition were filed pursuant to *Anders v. California*, 386 U.S. 738. The brief states that an appeal would be "without merit and frivolous." On receipt of the Public Defender's motion and supporting brief, this court caused notice of the pending petition to be served upon defendant and granted defendant leave to file points in support of his appeal. Defendant has not responded.

It is alleged in the Public Defender's petition and brief that there are only two questions which could reasonably be raised on appeal: whether defendant was denied due process of law in his hearing for probation, and whether defendant's sentence was excessive. Our examination of the record discloses the existence of no error in the form of notice, nature of the proceedings, or sufficiency of the evidence to sustain any due process argument by defendant. The sentences were imposed for the offenses for which probation was originally granted. Such sentencing procedure is proper. (*People v. Smith*, 105 Ill.App.2d 14.) The sentences imposed were neither a substantial departure from fundamental law, nor disproportionate to the nature of the offense.

Our examination of the record, pursuant to *Anders*, reveals the existence of no arguable error, and an appeal would be frivolous and without merit. Accordingly, the Public Defender is granted leave to withdraw as counsel for defendant on appeal. The judgment of the Circuit Court is affirmed.

Petition allowed; judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.