THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES YARBAR, a/k/a JAMES YARBROUGH (Impleaded), Defendant-Appellant.

(No. 57689; )

First District (5th Division)—August 10, 1973.

*Rehearing denied September 5, 1973.*

James J. Doherty, Public Defender, of Chicago, (Shelvin Singer, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Sharon H. Grossman, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

Defendant was originally charged with armed robbery. However, on an accepted plea of guilty to the lesser included offense of robbery, judgment was entered on December 22, 1970, and defendant was admitted to probation for five years on condition that the first year be served in the county jail. Ill. Rev. Stat. 1969, ch. 38, par. 18—1.

On December 7, 1971, defendant and others were arrested and subsequently indicted for burglary of the Morton Public School in Chicago. On motion of the State's Attorney, the court issued a rule to show cause why defendant's probation should not be terminated. A hearing was held at which six police personnel testified in regard to defendant's guilt of the burglary charge, and defendant testified in denial. Defendant's probation was revoked and he was sentenced to a term of 5 to 10 years on his original robbery conviction.*

From this order defendant has appealed, contending primarily that he had been denied due process by having his guilt of burglary decided in a probation revocation hearing prior to a trial on that charge, his reasons being that at such a trial he would have been entitled to a jury and the quantum of proof would have been beyond a reasonable doubt rather than only by a preponderance of the evidence. Defendant also makes the point that the sentence was excessive, because, he argues, it appears actually to have been related to the burglary rather than the robbery.

As to the first point, defendant's brief concedes, by the absence of any argument to the contrary, that the guilt of defendant on the burglary charge was established by a preponderance of the evidence

---

* The burglary indictment was thereupon dismissed on motion of the State.

(though not beyond a reasonable doubt), and that this court's decision in *People v. Smith,* 105 Ill.App.2d 14, 18, 245 N.E.2d 13, was adverse to defendant's primary position that due process would require trial on the second substantive charge prior to a hearing on probation revocation. While defendant earnestly and capably urges us to reconsider the issue, his arguments will not be specifically answered, as we agree with the *Smith* opinion. Furthermore, since the filing of defendant's brief, the supreme court decided *People v. Crowell,* 53 Ill.2d 447, 292 N.E.2d 721, in which a revocation of probation was upheld, and the clear implication of the opinion was that there had not previously been a trial of the defendant for the act of theft which constituted the basis for the revocation. The *Crowell* opinion also, in effect, decided the balance of defendant's due process contention, in accord with the *Smith* decision, when it stated at page 451:

> "Since this court has never before ruled on the precise question of what the quantum of proof should be in a probation revocation proceeding, and in the absence of statutory provision therefore (Ill. Rev. Stat. 1971, ch. 38, par. 117—1 *et seq.*), we hold that a violation of the conditions of probation must be proved by a preponderance of the evidence.
>
> We note, moreover, that the General Assembly has specifically incorporated this standard in the new Illinois Code of Corrections (Ill. Rev. Stat. 1971, ch. 38, par. 1005—6—4(c); P. A. 77—2097), effective January 1, 1973."

■■■ We believe (also in accord with the *Smith* case) that defendant's contention is without merit as to the reason why he claims his sentence was excessive. Nevertheless, we do conclude that, this case not having reached final adjudication, the ratio between the minimum and maximum of defendant's sentence (one to two) cannot stand, since it may not now be less than one to three under the Unified Code of Corrections. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(4).) We therefore affirm the judgment revoking defendant's probation, but remand the cause to the circuit court with direction to resentence defendant in accordance with the currently effective sentencing statute. See *People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269.

Affirmed and remanded with directions.

LORENZ and SULLIVAN, JJ., concur.