The People of the State of Illinois, Plaintiff-Appellee, *v.* Laverta Tatum, Defendant-Appellant.

(No. 12572;

Fourth District—June 19, 1975.

John F. McNichols and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In June of 1973, defendant pleaded guilty to burglary. She was admitted to probation for a 2-year period. At the time, she was 17 years old, had previously been on probation for theft, and had two indictments for theft under $150 pending against her. By November of the same year, three separate probation violation reports had been filed against her, all involving accusations of theft or attempted theft.

After the first report of probation violation, the trial court held a hearing and took the matter under advisement. After the third such report, the court heard evidence on the second and third violations and terminated probation. At the hearing in aggravation and mitigation, the defense contended that defendant should be sentenced to the term the

State's attorney had initially agreed to recommend. It was undisputed that the State had initially agreed to acquiesce in the granting of probation, or, if probation were denied, recommend a sentence of 1 to 10 years.

Instead, the trial judge imposed a sentence of 3 to 10 years upon revocation of probation, stating:

> "I was astounded that under these circumstances that she would have the criminal conduct as demonstrated in these violations * * * I again am sure that the problem here is gross and it's going to take a lot of something to get her straightened out."

The statutory range for burglary is 1 to 20 years, so that the lightest possible sentence is 1 to 3 years, and the greatest 6 years 8 months to 20 years. Thus, the sentence imposed here was within the statutory limits of the offense involved. The First District has said, in *People v. Ford*, 4 Ill.App.3d 291, 292-93, 280 N.E.2d 728, 730:

> "So far as the statute is concerned, the court, upon revocation of probation, may sentence defendant for a term not to exceed the statutory limits prescribed by law for the original offense. * * * It is our belief * * * that a sentence higher than one which a court might originally have had in mind, may properly be imposed upon probation revocation, not to punish defendant for his subsequent acts, but to reflect the court's reassessment of the defendant's rehabilitation potential."

The Unified Code of Corrections itself requires the trial court, in imposing any sentence beyond the minimum, to take into consideration "the nature and circumstances of the offense and the history and character of the defendant." (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c) (3).) Surely, the "history and character of defendant" up to the time of sentencing are relevant in the court's evaluation of the individual's potential for rehabilitation.

There is in fact no showing here that the trial judge ever intended to impose a sentence of 1 to 10 years, rather such sentence was to have been recommended. There is nothing in this record to suggest that the higher sentence actually imposed was in any way an enhanced sentence as punishment for the subsequent criminal conduct.

The defendant also urges that she was entitled to credit for time served on probation. The People concede to this point and we agree. The mittimus should be amended to reflect such credit. Accordingly, this case must be remanded for that limited purpose.

Judgment affirmed; cause remanded for the issuance of an amended mittimus as herein specified.

TRAPP, P. J., and GREEN, J., concur.