THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM HARKNESS, a/k/a Lutrel Porter, Defendant-Appellant.

(No. 61191;

First District (2nd Division)—November 4, 1975.

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, Paul B. Linton, and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

William Harkness, defendant, appeals from an order of the circuit court of Cook County revoking his probation and a sentence of one year to one year and a day.

The only issue presented for review is whether a finding of no probable cause at a preliminary hearing bars a subsequent probation revocation based on evidence as to the same offense.

On July 9, 1973, defendant entered a plea of guilty to an information charging him with the crime of theft. (Ill. Rev. Stat. 1973, ch. 38, par. 16—1.) He was sentenced to a term of one year's probation. On June 4, 1974, a rule to show cause why defendant's probation should not be revoked was filed. The rule alleged that, after being placed on probation, defendant had committed the crime of burglary and pled guilty to criminal trespass to vehicle.

On July 9, 1974, a hearing was held on the rule to show cause. At the hearing, defendant made a motion to dismiss based on the fact that the burglary charge at issue had been dismissed at a preliminary hearing after a finding of no probable cause had been made. Defendant's motion was denied and the hearing proceeded. No evidence was introduced as to the charge of criminal trespass of the vehicle in which defendant had been arrested, to which charge the rule to show cause alleged defendant had pled guilty. Neither party refers to this charge as having provided any basis for the probation revocation and we thus assume it did not so provide. The sufficiency of the evidence adduced at the hearing on the rule to show cause is not challenged on appeal and a recitation of the testimony adduced is thus unnecessary. At the conclusion of the hearing, defendant's probation was revoked and he was sentenced to a term of one year to one year and a day.

■■ Defendant's argument on appeal is that the State was barred from using the burglary charge as a basis for revoking his probation since there had been a finding of no probable cause as to that charge at a preliminary hearing. In support of this argument, defendant relies upon *People v. Grayson* (1974), 58 Ill.2d 260, 319 N.E.2d 43. In *Grayson*, the Illinois Supreme Court held that where a defendant is acquitted of a charge at

a criminal trial, collateral estoppel precludes a subsequent revocation of probation based on the same charge. The court held:

> "[T]he principle of collateral estoppel applies in the circumstances present here. The acquittal of defendant on the charge of armed robbery was, under the evidence in this case, a determination that he was not one of the robbers. Once the *ultimate* and only disputed fact of identity had been determined by *a final and valid judgment*, the State could not constitutionally hale defendant before a new court in a criminal proceeding or a probation revocation proceeding and litigate that issue again." 58 Ill.2d 260, 265. (Emphasis added.)

In the case at bar, unlike *Grayson*, the defendant was not acquitted on the charge of burglary, since a finding of no probable cause is neither a conviction nor an acquittal. (*People v. Brown* (5th Dist. 1973), 16 Ill. App.3d 692, 306 N.E.2d 561 (abstract opinion).) For the theory of collateral estoppel to apply, an issue of ultimate fact must have been determined by a valid and final judgment. (*Ashe v. Swenson* (1970), 397 U.S. 436, 443, 25 L.Ed.2d 469, 90 S.Ct. 1189.) A finding of no probable cause is not a final judgment. (*People v. Kent* (1972), 54 Ill.2d 161, 295 N.E.2d 710.) Here, the theory of collateral estoppel does not apply since there was no final judgment.

■■ The rule is well established that a finding of no probable cause is not conclusive upon the State and an indictment returned after such a finding is valid. (*People v. Kent; People v. Brown.*) Since a subsequent prosecution is not barred by a finding of no probable cause, we know of no reason why a subsequent probation revocation based upon that charge should be barred. The fact that the State chose to proceed with the probation revocation hearing rather than seek an indictment on the burglary charge is not controlling since the State may properly proceed with a probation revocation hearing prior to bringing the substantive charge to trial. (*People v. Yarbar* (1st Dist. 1973), 14 Ill.App.3d 267, 269, 302 N.E.2d 442.) Accordingly, we conclude that the finding of no probable cause on the burglary charge did not preclude the State from using that charge for the purpose of probation revocation.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS and LEIGHTON, JJ., concur.