THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SYLVESTER HUFF, Defendant-Appellant.

Fourth District   Nos. 13388, 13389 cons.

Opinion filed December 9, 1976.

GREEN, J., concurring in part and dissenting in part.

Richard J. Wilson and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Sylvester Huff, was charged with two separate offenses of burglary, alleged to be in violation of section 19—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 19—1). The defendant pleaded guilty to each and on February 27, 1975, was sentenced to two years' probation.

In accordance to section 5—6—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(a) a petition charging

defendant with a violation of probation was filed on April 14, 1975, which alleged that defendant, while on probation, had committed burglary and felony theft. A hearing was held on this report on May 15, 1975. The evidence at that hearing revealed that the Tucumcary Fashion Shop in Decatur, Illinois, had been burglarized on the evening of March 25, 1975. Among the items taken were several pairs of pants of a distinctive brand sold only by the Fashion Shop. Detective James Dellert of the Decatur Police Department testified that he had searched the defendant's residence and found a number of boxed pairs of pants in defendant's room. These pants were identified as being similar to the ones taken in the burglary of the Fashion Shop. Defendant disclaimed participation in the burglary and claimed that he had purchased the pants from one Winnie Smith and from another store in Decatur, Illinois, known as Susler's Men's Shop. Sewell Susler, the owner of Susler's Men's Shop testified that his store did not carry any of the brands of pants found in defendant's room and denied that the defendant had purchased the pants from him. The trial court determined that defendant had violated the terms of his probation and revoked his probation. Defendant was sentenced to two concurrent indeterminate imprisonment terms with minimums fixed at 5 years and the maximums fixed at 15 years.

Defendant maintains that he was denied equal protection of the law because he did not receive a trial on the criminal charges arising out of the burglary of the Fashion Shop before he was required to face the alleged probation revocation violations arising out of the same conduct. In support of this position, defendant relies upon *People v. Grayson* (1974), 58 Ill. 2d 260, 319 N.E.2d 43, which held that the doctrine of collateral estoppel will apply to preclude relitigating in a probation revocation hearing an issue which has already been resolved in a criminal trial for the same offense and based upon substantially the same evidence. Under the *Grayson* rationale, if the defendant had been tried for the alleged burglary and theft of the Fashion Shop and acquitted, the State would have been estopped from relitigating the same issues by petitioning to revoke his sentence of probation. The defendant's position is premised on the concept that when a defendant is tried for a criminal offense, he must be proved guilty by an amount of proof known as proof beyond a reasonable doubt. (Section 3—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 3—1).) He argues that this safeguard is not available to probationers in defendant's situation where the probation revocation is held first since the amount of proof required at such a hearing is an amount of proof known as "preponderance of the evidence." Section 5—6—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(c)).

Confusion had existed for many years as to what standard of proof was

required for a probation revocation proceeding. (Ill. Jud. Conf. 1960 Ann. Report 59-63.) Prior to 1961, the statutory provisions for probation revocation standard of proof was unclear. For example, section 6 of the Criminal Code of 1959 (Ill. Rev. Stat. 1959, ch. 38, par. 789) provided in pertinent part:

> "At any time during the period of probation, the court may, upon report by a probation officer or other satisfactory proof of the violation by the probationer of any of the conditions of his probation, revoke and terminate the same." (Ill. Rev. Stat. 1959, ch. 38, par. 789.)

This statute further imposes a burden on defendant:

> "* * * to show cause why his probation should not be terminated and judgment entered, and sentence imposed upon the original conviction." (Ill. Rev. Stat. 1959, ch. 38, par. 789.)

The Illinois courts construed this provision so as to require proof of probation violation by a preponderance of the evidence. For example, *People v. Burrell* (1948), 334 Ill. App. 253, 79 N.E.2d 88, held that the State is not required to prove a probation violation beyond a reasonable doubt but must produce convincing proof of probationer's guilt of the act for which his probation is revoked. *People v. Koning* (1958), 18 Ill. App. 2d 119, 151 N.E.2d 103, is to the same effect. In the landmark case of *People v. Price* (1960), 24 Ill. App. 2d 364, 164 N.E.2d 528, it was held that the State .was required to prove by a preponderance of evidence that had violated his probation order. In 1961 the "preponderance of the evidence" standard of proof was statutorily mandated by the enactment of section 6.1 of the Code of Criminal Procedure of 1961, which provided in part:

> "At the conclusion of the hearing, when the court determines from a preponderance of the evidence that probation has been violated, the court may revoke probation and impose sentence." (Ill. Rev. Stat. 1961, ch. 38, par. 789.1)

This provision was carried forward in the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1963, ch. 38, par. 789.1). The Code of Criminal Procedure of 1965 did not specifically mention the "preponderance of the evidence" standard for probation revocation but merely stated in part:

> "(d) If the court determines that a condition of probation has been violated, * * *." (Ill. Rev. Stat. 1965, ch. 38, par. 117—3.)

This language was maintained in the Codes of Criminal Procedure of 1967, 1969, and 1971. (Ill. Rev. Stat. 1967, 1969, 1971, ch. 38, par. 117—3.) This provision was construed by the courts as mandating the preponderance of the evidence standard of proof in probation revocation hearings. (*People v. Crowell* (1973), 53 Ill. 2d 447, 292 N.E.2d 721; *People v. Dotson* (1969), 111 Ill. App. 2d 306, 250 N.E.2d 174; *People v. White*

(1968), 98 Ill. App. 2d 1, 239 N.E.2d 854.) In 1973 the Code of Criminal Procedure was amended to provide, in section 5—6—4(c), in pertinent part:

> "(c) The State has the burden of going forward with the evidence and proving the violation by the preponderance of the evidence." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(c).)

This same provision is now in effect. Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(c).

■■ Beginning with *People v. Kostaken* (1958), 16 Ill. App. 2d 395, 148 N.E.2d 615, the rule in Illinois has been that a defendant has no right, nor is the State obliged to delay probation revocation proceedings until a trial is had on the criminal offense which constitutes a violation of probation. In *Kostaken*, the defendant, while on probation, was indicted for robbery and charged with violation of probation. The trial court refused the defendant's demand for trial under the robbery indictment and proceeded with the hearing for violation of probation. Probation was revoked and the indictment was subsequently dismissed. Defendant appealed, alleging violation of various constitutional rights including double jeopardy, right to a speedy trial, and right to trial by jury. The reviewing court rejected defendant's arguments and specifically held that there was "no abuse of discretion shown in the trial court's decision to proceed with the revocation hearing instead of a trial under the indictment." 16 Ill. App. 2d 395, 400, 148 N.E.2d 615, 617.

We followed *Kostaken* in *People v. Brooks* (1966), 67 Ill. App. 2d 479, 214 N.E.2d 498 (abstract). The rule as set forth in *Kostaken* has been uniformly followed in other cases. (*People v. Harkness* (1975), 34 Ill. App. 3d 1, 339 N.E.2d 545; *People v. Yarbar* (1973), 14 Ill. App. 3d 267, 302 N.E.2d 442; *People v. Ballard* (1971), 133 Ill. App. 2d 303, 273 N.E.2d 194; *People v. Ramirez* (1970), 131 Ill. App. 2d 268, 266 N.E.2d 520; *People v. Smith* (1969), 105 Ill. App. 2d 14, 245 N.E.2d 13.) Other jurisdictions are in agreement with the Illinois rule. See cases cited at 36 L. Ed. 2d 1105.

■■ Defendant complains of an equal protection violation but we find no such violation. All the members of defendant's class, probationers, have been proved guilty of an offense beyond a reasonable doubt and sentenced. Their probation sentence, less harsh than imprisonment, is conditioned upon the defendant's observance of the terms and conditions of the probation order. If he fails to meet the imposed standards and this is proved by a preponderance of the evidence, the probation may be revoked. (*People v. Crowell* (1973), 53 Ill. 2d 447, 292 N.E.2d 721.) A probation revocation hearing is qualitatively different from a criminal trial and not every right in a criminal trial is extended to probation revocation hearings. (*People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745.) The right to be found guilty of a probation violation beyond a

reasonable doubt is expressly not extended by section 5—6—4(c). The probationer whose probation is being revoked is merely being resentenced because of his failure to comply with the terms of the probation order to which he agreed when he accepted probation. Since all probation proceedings are governed by the same standard of proof, we deem defendant's complaint to be without merit. See *Standlee v. Rhay* (E.D. Wash. 1975), 403 F. Supp. 1247, 1255.

Defendant next contends that in imposing sentence the trial court was punishing him for the burglary and theft which were the basis for revocation of probation and for his alleged perjury at the probation revocation hearing. He correctly argues that these considerations should not control the severity of the sentence to be imposed for the original offenses. The defendant concludes that the trial court abused its discretion in imposing 5- to 15-year sentences.

In *People v. Strickland* (1974), 24 Ill. App. 3d 560, 321 N.E.2d 309, defendant pleaded guilty to robbery in violation of section 18—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 18—1), an offense for which the minimum imprisonment term is 1 year unless the circumstances of the offense and the history and character of the defendant persuades the court to set a higher minimum. (Section 5—8—1(c)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3)).) Strickland was 17 years of age at the time of the offense. No physical injury resulted to the victim of the offense. Strickland, on this, his first conviction, was sentenced to 3 years' probation including a jail term of 6 months imprisonment. The evidence at the probation revocation hearing disclosed that the defendant committed six probation violations, including the failure to report to his probation officer and the commission of crimes of burglary, various thefts, and obtaining control over a stolen vehicle. Defendant was subsequently found guilty of violating his probation. Thereafter, at the sentencing hearing, the State asked for a 6- to 18-year sentence based on these six charges. The court, in imposing a 6- to 18-year sentence, made no finding except that defendant was not entitled to return to probation because of his probation violations. On appeal, this court stated that in imposing sentence, a trial court should be guided by the penalty provisions for the offense in question and the statutory reasons for increasing the minimum sentence. The *Strickland* court ruled that the defendant's conduct while on probation may be considered in order to reflect the court's reassessment of the defendant's rehabilitation potential but reversed the sentence because it did not appear that the trial court observed proper guidelines in imposing the greater than minimum sentence and since the possibility of an improper commingling of the initial offense and the conduct giving rise to the probation revocation was clearly present.

In determining guidelines for resentencing, this court, in *People v. White* (1968), 93 Ill. App. 2d 283, 235 N.E.2d 393, stated:

"It is clear that upon revocation of probation, sentence may be imposed for the original offense upon the conviction of which the defendant was granted probation. If the act alleged to be a violation of probation constitutes another crime and sentence is to be imposed for the subsequent act, the defendant should be tried for such crime and sentence imposed under the orderly criminal processes. This does not preclude sentence on the original offense and the distinction is drawn so as to obviate any question of double jeopardy." 93 Ill. App. 2d 283, 288, 235 N.E.2d 393, 396.

In this case, in support of his argument that the court punished him for the burglary offense proved at the probation revocation hearing, defendant cites a letter from the trial judge and the State's Attorney to the Parole and Pardon Board:

"The defendant had pled guilty to a burglary charge and was placed on probation and, subsequently, became involved in another offense which resulted in the termination of his probation. The defendant perjured himself on the witness stand and has shown no remorse for his conduct. Due to the circumstances, the defendant should not be considered for early parole."

The defendant also cites the following remarks of the trial judge, made at the resentencing hearing:

"We had a full hearing on the violation. I listened to all of the evidence. It was evident then and it is evident now that you stuck your foot in your mouth when you said these two pairs of pants came from Mr. Susler and when Mr. Susler appeared he said, 'I've never seen them before, I've never sold them, they're not anything that he bought from me.' and, of course, that is where you really tripped up by going too far.

*   *   *

But I can't see any sentence less than five would be appropriate as the minimum; and that's when you consider the crimes we are faced with, three felonies, two on which there was a plea and a finding on the third, and the finding wasn't just by a preponderance. It was very clear to the court that he had violated as charged by another burglary."

From these remarks it appears that the sentencing judge believed that defendant had perjured himself at the revocation proceeding. By the phrase "three felonies" in the quotation immediately above, the trial judge was apparently referring to the two original offenses upon which probation was granted and the burglary which was the basis for probation revocation. Based on these remarks, it seems clear that the trial

judge was punishing the defendant not only for the original convictions but also for the burglary which occasioned the probation revocation.

■■ The trial court originally admitted the defendant to probation notwithstanding a recommendation of imprisonment. At the time, the State recommended concurrent terms of 2- to 6-years of imprisonment. Subsequent to the plea, the only evidence of any culpable behavior on the defendant's part was the evidence adduced at the probation revocation hearing. We conclude upon the entire record that this is an appropriate case for the exercise of this court's authority under Supreme Court Rule 615 (Ill. Rev. Stat. 1975, ch. 110A, par. 615) to modify the sentence. The judgment revoking probation is affirmed. The concurrent sentences imposed are modified to provide concurrent sentences of not less than 2 nor more than 6 years, and this cause is remanded to the Circuit Court of Macon County with instructions to issue an amended mittimus consistent with the views expressed in this opinion.

Judgment affirmed, sentence modified; cause remanded with directions.

CRAVEN, P. J., concurs.

Mr. JUSTICE GREEN, concurring in part and dissenting in part:

I concur in the ruling of the majority affirming the revocation of probation. I agree that the sentences imposed are improper but rather than reducing the sentences, I would remand for resentencing as this court did in *Strickland.* I, therefore, dissent from the reduction of the sentences.

In *Strickland* this court recognized that *People v. Ford* (1972), 4 Ill. App. 3d 291, 280 N.E.2d 728, permits the trial judge in imposing sentence upon revocation of probation to consider the defendant's conduct on probation to the extent that the conduct bears upon the defendant's potential for rehabilitation. We followed that principle in *People v. Elsner* (1975), 27 Ill. App. 3d 957, 327 N.E.2d 592, and *People v. Tatum* (1975), 29 Ill. App. 3d 251, 330 N.E.2d 281. In *Tatum* we noted that subsequent misconduct of the probationer which is related to the probationer's "history and character" is required to be considered in sentencing by section 5—8—1(c)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3)).

Here, the defendant has been convicted of two burglaries. Evidence of his subsequent conduct of stealing would justify a determination by the trial judge that his potential for rehabilitation is poor. The majority reduce the sentences for the burglaries to near minimum concurrent 2- to 6-year terms—the same sentences recommended by the State at the time

defendant was sentenced to probation. The fact that defendant was originally placed on probation does not require his sentence upon revocation to be limited to a near minimum term. For us to reduce these sentences to the extent done here is for us to entirely substitute our judgment for that of the trial judge.

The difference between sentencing a person for improper conduct and considering that conduct as it bears upon rehabilitation potential as that factor, in turn, bears upon the proper length of sentence is most subtle. Because of the judge's statements and the severity of the sentence imposed, however, I agree with the majority that the trial judge gave improper consideration to the misconduct of defendant on probation. I would remand so that he may impose sentence giving proper consideration to that conduct.

The power of reviewing courts to reduce sentences is usually exercised when those sentences are found to be excessive in severity. In those cases the reviewing court usually has the benefit of the trial court's judgment of the appropriate sentence based upon proper factors. Where the sentence is found to have been based upon consideration of improper factors, the reviewing court does not have the benefit of that judgment by the trial court. To reduce sentence under those circumstances is to make the reviewing court the sentencing court. The reduction of the sentence here is to make the sentence that which this court would have imposed had it been the trial court.