THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT ESTES, Defendant-Appellant.

Third District   No. 76-80

Opinion filed March 11, 1977.

STOUDER, J., specially concurring.

Robert Agostinelli and Verlin Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant, Albert Estes, appeals from an order of the Rock Island County Circuit Court which revoked his probation. The defendant had previously pled guilty to the offense of unlawful use of weapons and had

been placed on probation. After the revocation the defendant was sentenced to a term of not less than three nor more than nine years in the penitentiary.

The defendant raises no argument to the effect that the evidence adduced during the revocation hearing failed to support a finding that he violated the terms of his probation; however, he contends that the revocation of his probation should be reversed because the trial judge was predisposed against him by having ordered a presentence report a month before the actual revocation hearing.

The record discloses that a petition to revoke the defendant's probation was filed on November 19, 1975, in which it was alleged that the defendant had committed the offense of theft. A preliminary hearing was held on November 20, 1975, and the trial court entered a finding of probable cause for revocation. A different trial judge then conducted a hearing on December 22, 1975, upon the petition to revoke. The defendant at this hearing testified in his own behalf and following this testimony the defense rested. Immediately thereafter the trial court declared its finding that the defendant had violated his probation and indicated that it would proceed with sentencing after disclosing that a presentence report had been on file for three days. During the sentencing proceedings the probation officer who had prepared the presentence report disclosed that the trial judge had ordered the preparation of such report after the preliminary hearing on the petition to revoke, being approximately one month before the revocation hearing.

The defendant cites a number of Federal and State cases, all of which in one form or another reiterate the most fundamental rule of our legal system, to-wit, "that every defendant has the right to a trial before an unbiased judge." This postulate is one of the paramount pillars in our system of jurisprudence.

■■■ In all the cases cited by the defendant we find situations where the trial judge clearly evidenced bias against the defendant, or had an interest in the case, or was in such a position that human frailties would make it well nigh impossible if not impossible to be free from bias.

We do not believe that such a situation exists in the instant case. In examining the record we find that at no time during the revocation proceedings did the defendant suggest even a hint of prejudice or impropriety on the part of the trial judge. The defendant was at all times represented by counsel, yet there was no motion for substitution of judges, or for a continuance to move for substitution of judges. There was no motion for modification of sentence or a new hearing on the petition to revoke. The presentence report now complained of was on file three days before the revocation hearing, yet no objection to its preparation or filing was ever forthcoming. This court could well conclude that the defendant

waived the consideration of the presentence reports as far as this appeal is concerned. (See *People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353; *People v. Killebrew* (1973), 55 Ill. 2d 337, 303 N.E.2d 377.) A defendant cannot be permitted to sit idly by while what he considers to be prejudicial error occurs in the trial court and later raise the issue in an appeal. (See *People v. Mills* (1968), 40 Ill. 2d 4, 237 N.E.2d 697.) We, however, are not inclined to determine the question as to whether the defendant had a trial before an unbiased judge on the waiver or failure to object principles. On the contrary, we prefer to determine from the record whether the defendant did in fact receive a fair trial. From an examination of the record we can only conclude that the defendant was afforded a fair trial on the petition to revoke his probation.

■■■ A probation revocation hearing is qualitatively different from a criminal trial and not every right in a criminal trial is extended to probation hearings. (See *People v. Huff* (1976), 44 Ill. App. 3d 273, 357 N.E.2d 1380; *People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745.) A grant of probation is a sentence imposed following a conviction for a criminal offense and a revocation hearing is a review of the original sentence of probation. Unless actual bias is shown we do not deem it harmful for a court to be guided by presentence reports which are in effect a history and summation of the defendant's conduct, even if such reports are prepared prior to the revocation hearing. Such reports serve to protect the interests of the parties involved, to-wit, the defendant and society.

For the reasons set forth the judgment of the Circuit Court of Rock Island County revoking the defendant's probation is affirmed.

Judgment affirmed.

ALLOY, P. J., concurs.

Mr. JUSTICE STOUDER, specially concurring:

I agree with the result reached by the majority of the court. However, I do not agree with the majority's view that the conduct of the judge can be sanctioned or approved. The nature of the evidence is such that no useful purpose would be served by considering such conduct reversible error and requiring a new trial.

There can be little doubt but that one of the essential characteristics of our system of justice requires that a question involving a person's freedom should be decided by an impartial and unbiased tribunal. Avoidance of the appearance of bias is just as important as avoidance of actual bias. Whether a judge has actually made up his mind that a defendant is guilty before the evidence is presented or whether he only appears to have done

so, are in either case contrary to our concepts of a fair trial. In this connection I am reminded of the maxim of frontier justice which declares that "we give horse thieves a fair trial before hanging them."

In the instant case the preparation of the presentence report would be unnecessary and a useless act if the charges against the defendant were not proved. In seeking such a presentence report, I do not see how the inference can be avoided that the trial judge had already arrived or appeared to have arrived at a determination that the defendant was guilty. I agree that there can be little harm attached to a presentence report itself, but, as evidence of prejudgment by the trial judge, its substantial implications can not be ignored.

Supporting the claim that the trial judge had decided the defendant's guilt before the evidence was heard is also the colloquy which took place on the day the revocation petition was heard. The State attempted to amend the petition on the day of the hearing. Defense counsel Mr. Schick objected. The following ensued:

> "MR. SCHICK: Yes. I do object to it being admitted Your Honor. There has been no arraignment or preliminary hearing on the amended charge. We are here today on a final hearing on the original petition.
>
> THE COURT: And sentenceing [sic].
>
> MR. SCHICK: I didn't know we were here for sentenceing [sic] Your Honor. I know we are here on a hearing to revoke probation.
>
> THE COURT: If it turns out to be revoked, there is no reason we can't have the sentenceing [sic]."

After completion of the presentation of evidence at the revocation hearing, the court found the defendant had violated the terms of his probation by committing theft and immediately proceeded to a sentencing hearing over the objections of defense counsel. It was at this juncture that defense counsel discovered that the trial court had ordered a supplemental presentence report to be prepared by the probation officer after the petition had been filed. The trial judge did permit the defendant to make a statement in his own behalf, but did not afford defense counsel any opportunity to present witnesses relative to the sentence to be imposed.

On the basis of the foregoing facts and occurrences it seems to me that at least the appearance of impropriety is demonstrated by the court. I doubt the interests of justice are served by condoning such conduct.